FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA

FEBRUARY 2020

TYREE LAWSON,                                     :        _____ TERM 2020
                                                  :
                                                  :
            v.                                    :        No._____ 001169
                                                  :
                                                  :
CITY OF PHILADELPHIA, et al,                      :

NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| *You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.* | *Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.* |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| Philadelphia Bar Association<br>Lawyer Referral<br>and Information Service<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 | Asociacion De Licenciados<br>De Filadelfia<br>Servicio De Referencia E<br>Informacion Legal<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 |

10-284

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYREE LAWSON, | : | January TERM 2020 |
| Plaintiff, | : | |
| | : | |
| v. | : | **FEBRUARY 2020** |
| | : | |
| | : | |
| CITY OF PHILADELPHIA, | : | |
| POLICE OFFICER MOSTILLER | : | Action No. _____ 001169 |
| Badge No. 5935, POLICE OFFICER | : | |
| SLOBODIAN Badge No. 5573, | : | |
| DETECTIVE KUCHINSKY | : | |
| Badge No. 904, | : | |
| Sued in their Individual Capacity, | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

CIVIL ACTION COMPLAINT PURSUANT TO 42 U.S.C. SECTION 1983

I.    Preliminary Statement

This is an action for money damages against the City of Philadelphia; Police Detective Mary Kuchinsky, Badge No. 904; Police Officer Mostiller Badge No. 5935; Police Officer Slobodian Badge No 5573, for violations of the plaintiff's constitutional rights. Plaintiff alleges that the identified defendants in a malicious effort to construct probable cause.... constructed knowingly false Police Reports, in violation of plaintiff's constitutional rights. And resulting wrongful instituted arrest, charging attempted murder and various other criminal acts  in an attempt to coverup their own wrongdoing.

Plaintiff alleges that the City of Philadelphia is liable for the Police Officers fraudulent conduct that resulted plaintiff's wrongful-arrest, false imprisonment and malicious prosecution, because the City has tolerated and permitted without probable cause  illegal arrest(s) on minority persons. And has failed to maintain a proper system for reviewing these willful gross abuse practices from Philadelphia's police officers, with the result that police officers of the City of Philadelphia are encouraged to believe that they can violate the rights of persons, such as

plaintiff, with impunity.

## II.    Jurisdiction and Venue

This action is brought pursuant to 42 U.S.C. §§ 1983 and 42 Pa C.S. § 931(a). In that, the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas. Here, Philadelphia County Court of Common Pleas is the appropriate venue under Pennsylvania Rules of Civil Procedures 1006(a)(1).

As, this is the County within this Commonwealth of Pennsylvania in which plaintiff's claim arose.

## III.    Jury Demanded

Plaintiff demands a trial by jury on all claims set forth in this Complaint pursuant to Pa. Rules of Civil Procedures 1007.1.

## IV.    Parties

1.    At all times herein Tyree Lawson, is your pro se plaintiff, an inmate currently confined in Pennsylvania Department of Corrections ("Pa D.O.C.") at State Correctional Institution Phoenix ("SCI Phoenix"), located at 1200 Mokychic Drive, P.O. Box 244, Collegeville, Pennsylvania 19426. At all times hereinafter mentioned prior to the defendants acts.... plaintiff was a citizen of the United States of America, residing at 5822 N. Philip Street, County of Philadelphia, State of Pennsylvania.

2.    Defendant City of Philadelphia is, and at all times relevant to this Complaint was, a municipality located in the State of Pennsylvania. The City of Philadelphia was, at all times relevant to this Complaint, officially responsible for the policies, practices, and customs of the Philadelphia Police Department ("PPD"), and was the employer of the Individual PPD Defendants in this matter.

3.    Defendant Police Officer Slobodian Badge No. 5573, at all times relevant to this Complaint, was an officer of the 16th Police District PPD acting under color of law and within the scope of his employment pursuant to the statutes, ordinance, regulations, policies, customs, and usage of the City of Philadelphia and PPD. He is sued in his individual capacity.

4.    Defendant Police Officer Mostiller Badge No. 5935, at all times relevant to this

Complaint, was an officer of the 16th Police District PPD acting under color of law and within the scope of his employment pursuant to the statutes, ordinance, regulations, policies, customs, and usage of the City of Philadelphia and PPD. He is sued in his individual capacity.

5.       Defendant Police Detective Mary Kuchinsky Badge No. 904, at all times relevant to this Complaint, was a Detective assigned to the PPD Southwest Detectives bureau, and acting under color of law and within the scope of her employment pursuant to the statutes, ordinance, regulations, policies, customs, and usage of the City of Philadelphia and PPD. She is sued in his individual capacity.

6.       At all times relevant to this Complaint, the individual defendants named above acted in concert and in conspiracy with one another in order to deprive plaintiff of plaintiff's constitutional rights. And in all their actions described herein.... were acting under color of law and pursuant to their authority as police officers.

V.       Statement of the Facts

7.       On July 11, 2006, at approximately 12:29 AM, while plaintiff was at home caring for hospital bed-stricken sister ("Squannetta Lawson") in the Olney Section of Northeast-Philadelphia; when West-Philadelphia 16th Police District Police Defendants Mostiller and Slobodian responded to a police radio dispatch directing them to a firearm assault at 3926 Mt.Vernon Street, Philadelphia Pennsylvania 19104.

8.       At the above mentioned date, time and place and upon arrival and entering the premises.... defendants were directed to an upstairs bedroom where 16 year old Rashan Brown resulting a bullet graze wound was holding a towel over his head.

9.       Inside Police Vehicle No. 1603, PPD Defendants transported Rashan to Children Hospital of Pennsylvania. Where, upon information and belief PPD defendants met Defendant Detective Mary Kuchinsky of PPD Southwest Detectives Bureau.

10.       During the course of defendants hospital transfer... upon information and belief and along side of Defendant Kuchinsky Police defendants discovered at or about 12:15 AM, 16 year old Rashan Brown heard a knock at his front door answered it by yelling through the closed door, "who is it?"

11.       Simultaneously, of yelling through his closed front door, asking, who it was.... when, someone fired several shots through the door; one of which grazed the left side of Rashan's head.

12.     During the course of PPD defendants further inquiry, same discovered....
[]'Rashan and his older sister Niamah Freeman had been involved in an ongoing dispute with
Niamah's ex-boyfriend/fiancée Ameen.Whom Rashan was fighting a day before.

13.     Yet in preparation of PPD defendants police-reports.... defendants Slobodian and
Mostiller in a reckless disregard for the truth.... collectively falsified PPD "Complaint//Incident
75-49, report" by authoring:

> **Agg. Assault:**
>
> Above stated to police that he was having an ongoing dispute
> w/below off. at above date & time below off. came to above location
> and shot above through the door. Above state he was looking
> through the peep hole of the the door. Also above saw the below off.
> flee the area in below veh. Above was transported to chp by 1603
> (27w) above is in stable cond. w/gun shot graze to l/s head and is
> being treated by DOC Adam Kaye.

15.     In a further disregard of the truth; where, contrary to all 3926 Mt. Vernon Street,
residents, being well familiar with the blood relation of plaintiff and blood cousin Ameen
Lawson; PPD defendants falsified same 75-49 police-report to also recklessly reflect:

> **offender Information**
> (1) B/M Amin Lawson (2) Tyree Lawson they are brothers
> address 3810 N. Darien Street, fled in Blu SUV w/red hood and
> top.

See, PPD Defendants Slobodian & Mostiller 07/11/2006 75-49 Report at **Appendix "A"**

16.     In furtherance of PPD defendants fraudulent conduct.... upon information and
belief collectively with PPD Defendant Kuchinsky, officers constructed a knowingly false
reduced to writing Police Investigation Interview with July 11, 2006 shooting victim Rashan
Brown. Which in material parts, recklessly reflects:

> [Q].    Tell me how you got shot?
> [A].    Fifteen minutes after the last call Ameen made to me
> tonight, there was a knock on my front door. I went to the door and
> said Who is it? Nobody answered. I looked out the peep hole; I saw
> Ameen standing in front of my door, I was about to go and get my
> sister but before I could turn around somebody shot through the

door I was hit on my head. I ran upstairs I called 911.
    [Q].    Besides Ameen, did you see anyone else outside your house?
    [A].    When I looked out and I saw Ameen I also saw his brother, Tyree Lawson out front by a car. I saw Tyree duck behind a car.

17.    Additionally, within the contents of PPD defendants fictitious interview defendants maliciously constructed a fictitious days prior incident, by alleging:

    [Q].    did you see Tyree and or Ameen with a gun or guns?
    [A].    no.
    [Q].    Have you ever seen either of them with guns?
    [A].    Yes, I saw Tyree with one the day before yesterday. Tyree had kicked in Ameen's door and he had a gun. Me and my sister were trying to get some of her cloths from Ameens house when Tyree came my sister locked the door and he kicked it in.
    [Q].    Can you described the gun Tyree had?
    [A].    It was Glock, either a 9mm or a Glock.

18.    However, within the contents of same report... in it's entirety PPD defendants not only omitted their name(s) from the entire document. But incompetently misspelled and forged the misspelled Rashan's name as "Rasahn." **Appended at Appendix "B".**

19.    On April 17, 2008, resulting defendants July 11, 2006, wrongful, malicious and fraudulent conduct plaintiff was accosted by the United States Marshals Service Violent Fugitive Task Force at the North Philadelphia intersection of N. 5th Street and West Annsbury; arrested and sequentially charged with criminal attempted murder, aggravated assault; criminal conspiracy to commit murder and various criminal violations of firearm acts.

20.    On or about August 27, 2008, July 11, 2006 shooting victim Rashan contacted plaintiff's family and informed same.... "he was completely unaware as to why plaintiff was being charged with the July 11, 2006 shooting incident,' as he repeatedly told the questioning officers, he did not know nor had he seen who shot into his home."

21.    On October 10, 2008, the Defendant City of Philadelphia District Attorney's Office after seven (7) failed attempts to produce July 11, 2006, shooting victim Rashan Brown or a prima-facie case demonstrating plaintiff's criminal involvement then

withdrew charges.

22.     On March 23, 2009, upon information and belief immediate stemming PPD defendants wrongful conduct....   Philadelphia District Attorney's Office then reinstituted withdrew charges.

23.     On or about June 2, 2009, Private Counsel Richard J. Giuliani was appointed to represent plaintiff in all matters stemming PPD defendants wrongful instituted criminal process.

24.     On October 9, 2009, via bench trial  before Phila. County Common Pleas Judge Lillian Harris Ransom, plaintiff was then tried for all acts resulting PPD defendants wrongful conduct.

25.     During the underoath trial testimony of shooting victim Rashan Brown, who established "he did not know, who, shot into his home."

26.     Yet, based on PPD defendants knowingly false [investigation interview], Id App'x "B"; the truthfulness of Rashan's underoath testimony was brought into question by the contents of aforementioned interview, that miraculously alleges: Rashan, "while looking out of his door peep hole into the dark 30 ft. beyond the person stand in front of him.... he seen plaintiff ducking behind a car."  Id. App'x "B pg. 2"; see also 3926 mt. Vernon St. Photo at Appendix "C".

As, Philadelphia Assistant District Attorney Kendra McCrae impeached Rashan's testimony by  introducing such wrongful constructed document into the trial record:

> [Q].     Do you remember the statement gave to the investigating police?
> [A].     I remember the statement but don't recall nor remember giving it.

10/09/2009 Bench N.T. at 15.

27.     As, during ADA McCrae's further direct examine it was established, this, at issue July 11, 2006 reduced to writing police interview allegedly made by Rasahn... was authored by PPD Defendant Kuchinsky, whom upon information and belief... where within the contents of same interview Defendant Kuchinsky not only misspelled Rashan's name with "Rasahn",  but also forged three separate signatures of same misspelled name Rasahn. Id See, Ex "B" supra.

28.     In addition to PPD defendants wrongful acts, and contrary to Rashan's older sister's July 11, 2006, reduced to writing, signed and adopted interview that in material parts reflects, "she neither seen plaintiff nor plaintiff's alleged accomplice Ameen",  shooting victim's older sister Niamah Freeman, who stated on same July 11, 2006, that she did not see neither plaintiff on  the night, day or time when Rashan was shot. Upon information and belief, during

the eleventh-hour of PPD Defendants wrongful-instituted trial proceedings .... then persuaded Niamah Freeman's resulting incredible & knowingly false testimony:

> **"After hearing my brother scream, Ow, Ow help me I got shot me and my oldest brother ran downstairs and that when we seen Tyree Lawson and Ameen Lawson, Tyree was holding a gun, and he was running with it. And we chased them and when they ran through the woods they got in a car and we lost them."**

10/09/2009 Bench N.T. 38-39.

29.    On same October 9, 2009, subsequent to the pain, humiliation and suffering plaintiff and plaintiff's (late) mother was forced to suffer throughout PPD defendants wrongful-instituted criminal trial proceedings,  plaintiff was convicted of all acts and sentenced to serve fourteen (14) to twenty-eight (28) years imprisonment. See Commonwealth v. Tyree Lawson, CP-51-CR-0008851-2009. [2010 Phila. Ct. Com. Pl. LEXIS 428]].

30.    On January 23, 2013, after the direct appeal proceedings proved unsuccessful stemming PPD defendants' July 11, 2006 wrongful instituted criminal process, plaintiff filed a Petition seeking Post Conviction Collateral Relief ("PCRA"), pursuant to 42 Pa. C.S. §§9541-9546.

31.    On January 16, 2018, during the PCRA hearing underoath testimony from plaintiff's sister ("Squannetta Lawson"), who established her resulting April 2006 medical diagnosis, sequential hospital bed-orders, uncontrollable bowel movements/random eruptions, etc etc; on the night day and time of PPD Defendants charged acts  plaintiff was at home and caring for she.

32.    On same January 16, 2018, during the PCRA evidentiary hearing an underoath testimony from Rashan's older brother (Wendell Raheem Lawson"), who then established: "on the night, day and timing of the shooting incident at his 3926 Mt. Vernon West-Philadelphia residence no-one knew nor saw who shot into his home, when Rashan was shot.

33.    During same January 16, 2018, during PCRA underoath testimony from Niamah Freeman.... whose testimony the presiding court ultimately deemed incredible, and unable to believe..... nonetheless,  stated how she witnessed plaintiff shoot into her house from a second floor window. Yet when later confronted with her October 9, 2009, trial testimony she switched and stated she, and older brother had in fact ran outside and chased plaintiff.

34.    During the later PCRA hearing underoath testimony of plaintiff' trial court appointed Richard j. Giuliani, it was established how defense counsel made no effort to challenge

the prosecution-identification process that resulted either plaintiff's arrest nor sequential trial.

35.     On March 15, 2018, the Court of Common Pleas of Philadelphia County, presiding judge ("Honorable Lucreia Clemons"), vacated October 9, 2009, judgment of sentence and awarded plaintiff a new trial.

36.     On May 2, 2018, the Court of Common Pleas of Philadelphia County, presiding judge ("Honorable Lucreia Clemons"), granted the Philadelphia District Attorney's Office filed motion to Nol.. Pross. all charges and dismissed the case.

37.     The acts of the defendants alleged herein were done by the defendants under the color and pretense of the statutes, regulations, customs and usages of the State of Pennsylvania and under the authority of their office as heretofore alleged in the Police Department of the City of Philadelphia State of Pennsylvania.

**FIRST CAUSE OF ACTION**

38.     This action arises under the 4th and 14th Amendments to the United States Constitution and under Title 42. U.S.C.

39.     On April 17, 2008, at 415 Raymond Street, Philadelphia Pennsylvania 19140, due to the actions of defendants herein, plaintiff was unlawfully seized and dragged from a friend home. And unlawfully imprisoned and detained without a modicum showing of probable cause and without cause whatsoever to believe plaintiff committed any criminal acts stemming the July 11, 2006, shooting incident.

40.     At all times hereinafter each and all of the acts of the PPD defendants alleged herein were done by the defendants under the color and pretense of the City of Philadelphia statutes, regulations, customs and usage of the State of Pennsylvania, and under the authority of their office as heretofore alleged in the Police Department of the County & City of Philadelphia.

41.     Plaintiff is and always has been a good, true, honest, virtuous and law-abiding citizen earning the respect of his neighbors and business associates. Plaintiff, in the absence of PPD defendants fraudulent conduct... has not at any time been guilty of the crime of criminal attempted murder, aggravated-assault, criminal conspiracy to commit murder nor any other firearm offenses.

42.     The arrest, detention and trial of plaintiff was unlawful and without just or reasonable cause; as these acts of these defendants' charging plaintiff with criminal attempted murder, and various offenses was willful, malicious and a gross abuse of power.

43.     As a result of the above, plaintiff has been brought into direct and ill repute

among his friends, neighbors and business associates; has been subject to great humiliation; and undergone great suffering of mind and body; and has been otherwise greatly injured and damaged.

44.     As a result of the above, plaintiff has been put to great expense in defending against PPD Defendants' wrongful-instiued process, and has been prevented from attending plaintiff's usual and necessary duties and has thereby suffered great and irreparable financial loss in his business and occupation; lost of family relatives ("mother and cousin"), lost of educational opportunities; lost of housing, lost of marriage relationship, lost of relationship with kids. etc.., etc...

45.     Plaintiff's injuries and damages were caused solely by the unlawful and malicious acts of defendant.

46.     That solely as a result of the acts of the defendants herein, plaintiff sustained serious personal injuries and has suffered great mental anguish. By reason of the malicious, wanton and wilful conduct of defendants, plaintiff demands compensatory damages.

WHEREFORE, plaintiff demands damages in a sum in excess of $2,000,000.00, exclusive of interest and costs.

## SECOND CAUSE OF ACTION

47.     That plaintiff repeats and reiterates each and every allegation contained in paragraphs 1-46 of the complaint as if more fully set forth at length herein.

48.     Defendants without cause or justification, wrongfully and maliciously prosecuted plaintiff by charging plaintiff with criminal attempted murder, aggravated-assault, criminal conspiracy to commit murder and various other firearm offenses.

49.     In subjecting plaintiff to false imprisonment and in maliciously prosecuting plaintiff without cause or justification, defendants were violating plaintiff's rights under the laws and constitution of the United States, in particular the First, Fourth and Fourteenth Amendments and plaintiff's rights under the constitution and laws of Commonwealth of Pennsylvania.

50.     In subjecting plaintiff to false imprisonment and in maliciously prosecuting plaintiff, defendants Kuchinsky, Slobodian and Mostiller directly violated the rules and regulations of the City of Philadelphia Philadelphia Police Department.

51.     As a direct and proximate result of the above described unlawful and malicious acts of defendants police officers, all committed under color of their authority as police officers, and while acting in that capacity, plaintiff suffered grievous wrongful and false imprisonment

and emotional damage, all of which is in violation of plaintiff's rights under the laws and Constitution of the United States, in particular the First, Fourth, Fifth, Eighth and Fourteenth amendments thereof and 42 U.S.C. and §§ 1983, 1985, 1986, and 1988.

52.     As a further result of the above described acts, plaintiff was deprived of rights and immunities secured to plaintiff under the Constitution and laws of the United States and the State of Pennsylvania including, but not limited to the rights under the Fourteenth amendment to be secure in plaintiff's person, to be free from punishment without due process, and to equal protection of the laws.

53.     As a proximate result of defendants' actions, plaintiff was greatly humiliated, injured in plaintiff's reputation, became sick, sore and disabled, and has suffered great pain and mental anguish, all to plaintiff's damage in the sum of $5,000,000.00.

54.     The acts, conduct and behavior of the defendants were performed knowingly, intentionally and maliciously, by reason of which plaintiff is entitled to punitive damages in the sum of $10,000,000.00

WHEREFORE, plaintiff demands judgment against the defendants herein in the sum of $2,000,000.00 in the First Cause of Action and $10,000,000.00 in the Second Cause of Action together with the costs of this action and such any other and further relief as to this court may deem proper.

**THIRD CAUSE OF ACTION**

55.     The allegations set forth in paragraphs 1 through 55 inclusive, are incorporated herein as if fully set forth.

56.     Defendants Police Officers, acting as agents and on behalf of defendant City of Philadelphia, but outside the scope of their employment, wrongfully, maliciously and unlawful construction of July 11, 2006 police-reports that caused plaintiff's April 17, 2008, unlawful arrest and resulting confinement.

57.     As a proximate result of defendants' unlawful arrest and imprisonment, plaintiff was greatly humiliated, injured in his reputation, became sick, sore and disabled, and has suffered great pain and mental anguish, all to plaintiff's damage in the sum of $1,000,000.00

**FOURTH CAUSE OF ACTION**

58.     The allegations set forth in paragraphs 1 through 58 inclusive, are incorporated herein as if fully set forth.

59.     Defendants Police Officers, acting as agent and in behalf of defendant City of

Philadelphia, within the scope of their employment, wrongfully, unlawfully and maliciously prosecuted plaintiff by constructing a knowingly false police reports surrounding the July 11, 2006, shooting of Rashan Brown. And the issuance the resulting criminal-complaint that charged plaintiff with false and fictitious crimes of Criminal Attempted-Murder, Aggravated Assault, Criminal Conspiracy and various violations of Firearm Acts.

60.     As a proximate result of the malicious prosecution by the defendants, plaintiff was greatly humiliated, injured in his reputation, became sick, sore and disabled, and has suffered great pain and mental anguish, all to the plaintiff's damage in the sum of $2,500,000.00

**FIFTH CAUSE OF ACTION**

61.     The allegations set forth in paragraphs 1 through 61inclusive, are incorporated herein as if fully set forth.

62.     The failure of the Mayor of the City of Philadelphia and the Police Commissioner to adequately train, supervise, discipline or in any other way control the behavior of the defendants in the exercise of their police functions, and their failure to enforce the laws of this Commonwealth of Pennsylvania and the regulations of the Philadelphia  Police Department is evidence of the reckless lack of cautious regard for the rights of the public including plaintiff and exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of Police Commissioner and Mayor.

63.     The failure of the Mayor of the City of Philadelphia and the Police Commissioner to train, supervise, discipline or  in any other way control defendants in the exercise of their police functions, and their failure to enforce the laws of the State of Pennsylvania and the regulations of the Philadelphia Police Department was and is carried out wilfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the Pennsylvania, including plaintiff.

64.     Because of the acts alleged herein, the negligent-failure of the City of Philadelphia to discipline the defendants and the continued employment of the defendants present a clear and present danger to the citizens of the City of Philadelphia.

65.     The injuries resulting defendants wrongful imprisonment, false arrest and malicious prosecution sustained by plaintiff resulted from the negligence of defendant City of Philadelphia in employing and continuing to employ without adequate training and supervision, police officers of a discriminatory character, unsuitable temperament, and insensitive disposition.

WHEREFORE, plaintiff demands judgment against the Defendant City of Philadelphia in the sum of $5,000,000.00

**DAMAGES**

66.     The unlawful, intentional, willful, deliberately indifferent, and reckless acts and omissions of the individuals Defendants and the City of Philadelphia cause plaintiff to be improperly arrested and imprisoned, unfairly tried, wrongfully convicted, and forced to serve over ten (10) and a half (1/2) years in prison for a brutal crime he did not commit.

67.     As a direct result of defendants' conduct and omissions, plaintiff sustained injuries and damages, including loss of his freedom for more than ten and a half years, loss of plaintiff's youth, pain and suffering, mental anguish, emotional distress, Indignities, degradation, permanent loss of natural psychological development, and restrictions of all forms of personal freedom including but not limited to diet, sleep, personal contact, educational opportunities, vocational opportunities, athletic opportunities, personal fulfillment, family relations, reading, television, movies, travel, enjoyment and freedom of speech and expression.

68.     As a direct result of the defendants' conduct and omissions, plaintiff was deprived of plaintiff's families relationships, including the opportunities to witness the September 4, 2008 and December 28, 2008 births of plaintiff's daughters (Princess & Jaelyn), plaintiff was deprive of family relationships, including with sons (Tyefeek, Corey and Zaiair), who was 10, 3 and 3 years old when plaintiff was arrested, and deprived of family relationship with plaintiff's mother, whom died while plaintiff was incarcerated under the judgment of this conviction.

69.     As a result of defendants' conduct and omissions, plaintiff sustained physical injuries and damages, including physical pain and suffering, personal injuries, physical illness, inadequate medical care.

70.     As a direct result of defendants conduct and omissions, plaintiff was forced to suffer the emotional pain and suffering of a collateral consequences of defendants unlawful acts, even after plaintiff demonstrated the defendants fraudulent conduct to the courts. all acts resulting defendants

WHEREFORE, plaintiff demands the following relief jointly and severally against all the defendants:

1.     A declaratory judgment that the policies, practices and acts complained of are illegal and unconstitutional.

2.     A preliminary and permanent injunction preventing

defendant City of Philadelphia from employing the defendant police officers.

      3.      Compensatory   damages   in   the   amount   of $2,000,000.00;

      4.      Punitive damages in the amount of $10,000,000.00;

      5.      Excessive damages in the amount of $8,500,000.00

      6.      Such other and further relief as this Court may deem appropriate, including costs and reasonable attorney fees.

I, Tyree Lawson, hereby swear under the pains and penalties that all statements made herein are true, accurate and correct. Executed on this __14__ day of January, 2020.

*Resubmitted*
*2-5-2020*

Respectfully submitted,

Tyree Lawson'
State No. JW2704
SCI Phoenix
P.O. Box 244
Collegeville, PA 19426

# EXHIBIT "A"

PHILADELPHIA POLICE DEPARTMENT
## COMPLAINT OR INCIDENT REPORT

| YEAR | DIST./OCC. | D.C. No. | SECT. | DIST. | VOL. NO. | REPORT DATE |
|------|-----------|----------|-------|-------|----------|-------------|
| 06 | 15th | 22 152 | P | 15th | 103 | 7-14-06 |

| CRIME OR INCIDENT CLASSIFICATION | | TIME OUT |
|---|---|---|
| A&G  Assault | 417 | 11:17 |

LOCATION OF OCCURRENCE: 3726 Mt. Vernon St.     TYPE OF PREM.

| DATE OF OCCUR. | DAY CODE | TIME OF OCCUR. | NATURE OF INJURY |
|---|---|---|---|
| 7-14-06 | 2 | 12:15 | Shot gun to the head |

| COMPLAINANT | DOB | AGE | RACE | SEX |
|---|---|---|---|---|
| Rasahn Brown | 7-14-89 | | B | M |

ADDRESS

FOUNDED: ☐ Yes ☒ No   REPORT TO FOLLOW: ☐ Yes ☒ No ☐ Close Out   UNIT   CODE   DR. CONT NO. 9875

WITNESS: ☐ Yes ☐ No   TRACEABLE PROP.: ☐ Yes ☐ No   UNIQUE DESCRIPTION OF OFFENDER: ☐ Yes ☐ No   OTHER EVIDENCE: ☐ Yes ☐ No

DESCRIPTION OF INCIDENT (Include Description of Crime Scene If Applicable)

R/C Ass Ault.

Above stated to police that he was having an ongoing dispute w/ below. W/ at above date & time below off'ers to Above res and shot shots through the door. Above states he was looking through the peep hole of the door. Also above say the below off. Fire the gun in below 1st. house was transacted.

| WITNESS | ADDRESS | PHONE NO. |
|---|---|---|
| Mishal Freeman | 3810 N. Darien | 221-039? |

OFFENDER INFORMATION

(1) F/m Aris Lowson  (2) Tyron Lowson  They are brothers. Above 3810 N. Darien st. There is a Blk SUV w/ Red hood & top.

PROPERTY DESCRIPTION   PROP. CODE   INSURED: ☐ Yes ☐ No

| | EST. EXH. VALUE |
|---|---|
| to Chop by ROS(2TW) Above is in stable cond. | 3 R |
| w/ gun shot grazes to the head. and is being | 2 B |
| treated by Doc. Alan Kaye. | 1 S |
| | 5 |
| | 2 |

VEHICLE 1 - OWNERS NAME     VEHICLE 2 - OWNERS NAME

VEHICLE 1 - OPERATORS NAME     VEHICLE 2 - OPERATORS NAME

WANTED OR STOLEN MESSAGE SENT   DIST./PMT   ACCEPT NO.   SENT BY

| REPORT PREPARED BY | ID. NO. | DIST./PMT | TOTAL PAGES | PAGE |
|---|---|---|---|---|
| Mosteller - Slobodian | 3735 3573 | 18 | 1 | 1 |

REVIEWED BY: (A) # 8010     UNIT/AMT     REFERRAL DATE     GEN NO.

PURSUANT TO ACT 155 OF 1982, THE BELOW PERSON ACKNOWLEDGES RECEIPT OF THE NOTIFICATION OF VICTIM SERVICES FORM: 247374 - 247356



## INVESTIGATION INTERVIEW RECORD

**PHILADELPHIA POLICE DEPARTMENT HOMICIDE DIVISION**

| | | |
|---|---|---|
| CASE NUMBER | | |
| INTERVIEWER | | A |

Rasahn Brown

| AGE | RACE | DOB |
|---|---|---|
| 16 | B/M | 7/29/89 |

APARTMENT NUMBER

NAME OF CLOSE RELATIVE: Yvette Brown (Aunt)

PLACE OF INTERVIEW: C.H.O.P.

| DATE | TIME |
|---|---|
| 7/11/06 | 3:00 PM |

WE QUESTIONED YOU CONCERNING: A Shooting

Q: What happened that brought you here to CHOP?
Ray's sister's ex Francis kept calling my house every hour today saying to me "your a dead man walking"

Q: Who was calling you?
Ameer Towson

Q: Why was Ameer saying this to you?
Ray's sister Dionah broke up with him. Last night I was over his house trying to get some of my sisters things. We got into an argument and Ameer pulled one on me & I started to fist fight. Then I left his house

Rasahn Brown

☐ Yes  ☐ No   CHECKED BY

| INVESTIGATION INTERVIEW RECORD CONTINUATION SHEET. | CITY OF PHILADELPHIA POLICE DEPARTMENT |
| --- | --- |

Rashn Brown

PAGE 2

Q: Tell me how you got shot?

A: Fifteen minutes after the last call Comean rode to me tonight, there was a knock on my front door. I went to the door and said: Who is it? Nobody answered. I looked out the peep hole. I saw Comean standing in front of my door. I was about to go and get my sister but before I could turn around somebody shot through the door. I was hit on my head. I ran upstairs. I called 911

Q: Beside Comean, did you see anyone else outside your house?

A: When I looked out and I saw Comean I also saw his brother, Tyree Towson out front by a car. I saw Tyree dunk behind a car.

Q: How many shots did you hear?

A: More than two.

Q: Were you injured as a result of this incident?

A: Yes, I have a graze wound to the top of my head. I got 8 staples

Q: Did you see Tyree and or Comean with a gun or guns?

75-483A

Rasahn Brown

| INVESTIGATION INTERVIEW RECORD | CITY OF PHILADELPHIA |
| CONTINUATION SHEET | POLICE DEPARTMENT |

| Page | Case No. |
| 3 | |

No

Q Have you ever seen either of them with one?

Yes, I saw Tyree with one the day before yesterday. Tyree he kicked in Ameen's door and he had a gun. Me and my sister were going to get some clothes from Ameens house. Then Tyree came my sister locked the door and he kicked it in

Can you describe the gun Tyree had?
It was black, either a 9mm or an Glock

Where does Ameen live?
3810 N. Darien St.

Where does Tyree live?
I don't know

How do you know Tyree?
His my brother cousin from his dads side.

Is there anything else you can add?
Ameen and Tyree are cousins not brothers.

Rashon Brown

EXHIBIT "C"



## VERIFICATION

I, _____Tyree Lawson_____, plaintiff verify that the facts set forth in the foregoing are true and correct to the best of my information, knowledge and belief.

I understand that the statements contained herein are subject to the Penalties of 18 Pa.C.S.A., Section 4904 relating to unsworn falsification to authorities.

Tyree Lawson
_____
(Print Name)

_____
(Signature)

Date: _1-14·20_
    resubmit
    2-5. 2020